IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,063-01






EX PARTE AMADOR CESARIO RODRIGUEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 734893 IN THE 232ND DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to thirty years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction.
Rodriguez v. State, No. 14-97-01292-CR (Tex. App.-Houston [14th Dist.], May 11, 2000, pet. ref'd).

 Applicant contends, among other things, that the State violated Brady v. Maryland, 373 U.S.
83 (1963) by failing to disclose a tape of a surveillance camera recording and that trial counsel
rendered ineffective assistance because he failed to secure a subpoena for Candy Pequeno before
trial. The trial court has entered findings of fact and conclusions of law and has recommended that
this Court deny relief. We believe that the trial court's findings are not fully supported by the present
record. According to the transcript from a 2001 deposition involving a related civil suit, the tape of
the surveillance camera recording was in the State's possession as late as 2000. In explaining why
he did not secure a subpoena for Pequeno before trial, counsel stated in a sworn affidavit that he
believed that she would not have been a beneficial or credible witness for the defense. "I did not
wish to have this witness present or attached," counsel stated. On the second day of trial, however,
after Pequeno had not appeared, counsel secured a subpoena for her presence, and after Applicant
had testified, counsel moved for a continuance, explaining to the trial court that although Pequeno
had not been found, the defense had contacted her brother, who was helping the defense locate her. 

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first make findings of fact as to whether the tape was in the State's
possession at trial and whether it was disclosed to Applicant. If the trial court finds that it was in the
State's possession and not disclosed, it shall determine whether the State violated Brady. The trial
court shall then make findings of fact as to whether Pequeno would have appeared at trial and
testified in Applicant's defense had she been served with a subpoena before trial. If so, the trial court
shall make findings of fact as to what she would have said at trial and whether her testimony would
have been materially different from her grand jury testimony. The trial court shall then determine
whether Applicant was prejudiced. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: January 14, 2009

Do not publish